# MANDATE

19-2998
*Grundstein v. Lamoille Superior Docket Entries/Orders*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of September, two thousand twenty.

PRESENT:
> JOHN M. WALKER, JR.,
> ROBERT A. KATZMANN,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

---

Robert Grundstein,

> *Plaintiff-Appellant*,

v.                                                          19-2998

Lamoille Superior Docket Entries/Orders, P.O. Box 570, 154 Main Street, Hyde Park, VT 05655, dated 1-24-2012 and 1-8-2013 in Lecv 148-8-05, Lamoille Superior Docket Entry/Order, P.O. Box 570, 154 Main Street, Hyde Park, VT 05655, dated 6-15-16 (Appellate No. 2016-242) in Lecv 87-4-10, Lamoille Superior Clerk of Court, P.O. Box 570, 154 Main Street, Hyde Park, VT 05655, as Docket Administrator (Counts I through VII), Lamoille Superior Court, P.O. Box 570, 154 Main Street, Hyde Park, VT 05655, T.J. Donovan, 109 State Street, Montpelier, VT 05609-1001, State of Vermont / Attorney General, Randall Mulligan, 591

A Cricken Hill Road, Hyde Park, VT 05655,

*Defendants-Appellees.*

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | ROBERT GRUNDSTEIN pro se, Morrisville, VT. |
| FOR DEFENDANTS-APPELLEES T.J. DONOVAN, LAMOILLE SUPERIOR COURT, AND LAMOILLE SUPERIOR CLERK OF COURT: | DAVID A. BOYD Assistant Attorney General, *for* T.J. Donovan, Jr., Attorney General of Vermont, Montpelier, VT. |
| FOR DEFENDANT-APPELLEE RANDALL MULLIGAN: | SHANNON A. BERTRAND Facey Goss & McPhee P.C., Rutland, VT. |

Appeal from a judgment of the United States District Court for the District of Vermont (Crawford, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Robert Grundstein, proceeding pro se, appeals the district court's judgment dismissing his amended complaint for lack of subject-matter jurisdiction. Grundstein has engaged in extensive litigation in state and federal court in connection with real property that he and his siblings inherited. In this action, he sued Vermont's attorney general, the Lamoille Superior Court and its clerk of court, three state court orders, and the present owner of the property under 42 U.S.C. § 1983 and state law. He asserts that the state court acted without jurisdiction and in violation of his constitutional rights when it ordered partition of the property by sale and awarded attorney's fees and damages to his siblings. He also challenges the constitutionality of certain state rules and procedures and seeks to set aside the present owner's deed. We assume the

parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the district court's dismissal of the amended complaint for lack of subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.  *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005).  Under the *Rooker-Feldman* doctrine, lower federal courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).[1]  The doctrine applies where the federal court plaintiff: (1) lost in state court, (2) complains of injuries caused by a state-court judgment, (3) invites the district court to review and reject the state-court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered.  *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).

The district court properly concluded that the *Rooker-Feldman* doctrine bars Grundstein's claims to the extent that he challenges the result of state court orders conferring title to the disputed property to his siblings, ordering partition of the property by sale, and awarding his siblings attorney's fees and other damages, as well as other adverse orders entered by an allegedly biased Vermont Superior Court judge and decisions made against him by the Vermont Supreme Court pursuant to its expedited appellate procedure.  Each of these orders was adverse to Grundstein,

---

[1]  Unless otherwise indicated, in quoting cases, we omit all internal citations, quotation marks, footnotes, and alterations.

and each resulting judgment was entered prior to the commencement of this case in August 2017. *See Grundstein v. Levin*, No. 2016-242, 2017 WL 571272, at *1 (Vt. Feb. 1, 2017) (unpublished) (summarizing state-court litigation).   Grundstein also complains of injuries caused by the state-court judgments: the alleged injuries include Grundstein's loss of title to the disputed property, the requirement that he pay attorney's fees and damages to his siblings, and the state court's violation of Grundstein's constitutional rights.   The amended complaint plainly invited the district court to review and reject state court judgments by requesting that the court (1) find that the orders were entered without jurisdiction, in contravention of state law, or in violation of his constitutional rights, and (2) provide relief by striking the orders, enjoining their enforcement, or unwinding the subsequent transfer of the property.   *Cf. Vossbrinck*, 773 F.3d at 427 (finding it "evident from the relief [plaintiff] request[ed]"—which was title and tender of property and a declaration that a state judgment was void—that the injury complained of was a state foreclosure judgment).

Grundstein's challenges to this finding are without merit.   Contrary to his argument, *Rooker-Feldman* can reach issues that were not raised before or decided by the state court.   *See Hoblock*, 422 F.3d at 86 ("[P]resenting in federal court a legal theory not raised in state court . . . cannot insulate a federal plaintiff's suit from *Rooker-Feldman* if the federal suit nonetheless complains of injury from a state-court judgment and seeks to have that state-court judgment reversed.").   Nor have courts recognized general exceptions to the *Rooker-Feldman* doctrine for federal suits asserting that the state court acted without jurisdiction or in violation of the requirements of due process.   *See, e.g.*, *Doe v. Mann*, 415 F.3d 1038, 1042 n.6 (9th Cir. 2005) ("*Rooker-Feldman* applies where the plaintiff in federal court claims that the state court did not

have jurisdiction to render a judgment."); *D.C. Ct. of Appeals v. Feldman,* 460 U.S. 462, 486 (1983) (district courts lack jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional" because, in that event, review is appropriate only in the Supreme Court).   There is likewise no general exception to the doctrine when it is alleged that the state court judgment was procured by fraud.  *See Vossbrinck*, 773 F.3d at 427 (claim that foreclosure judgment was obtained by fraud was barred by *Rooker-Feldman* because it "would require the federal court to review the state proceedings and determine that the foreclosure judgment was issued in error").

To the extent that Grundstein raises general challenges to the constitutionality of state-court rules and procedures that are not barred by the *Rooker-Feldman* doctrine in Counts 4 and 8 of his amended complaint, we affirm the district court's dismissal of these claims because Grundstein failed to establish standing.  *See Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993) (noting that this Court may affirm a judgment on any ground "for which there is a record sufficient to permit conclusions of law").   In order to establish standing, Grundstein had to plead that he suffered an injury that is "concrete and particularized" and "actual or imminent" that was "fairly traceable" to the challenged rules and procedures.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).   Grundstein did not allege that he is involved in any ongoing state litigation in Vermont or otherwise plead any facts from which we can infer that he will be injured by the prospective application of Vermont Rule of Civil Procedure 8 or the Vermont Supreme Court's expedited appellate procedure.   The district court therefore properly dismissed Grundstein's amended complaint in remaining part.   *See id.*

5

We have considered all of Grundstein's remaining arguments and find them to be without merit.    Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

6